1 F.3d 1248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America Plaintiff-Appellee,
v.
Victor RODRIGUEZ-BALLARDO, Defendant-Appellant.
 No. 92-10395.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1993.*
Decided July 15, 1993.
 
 Before LAY,** Senior Circuit Judge, HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Victor Rodriguez-Ballardo appeals his jury conviction of possession with intent to distribute cocaine, conspiracy to possess with intent to distribute cocaine, and use of a firearm in relation to a drug trafficking crime. We affirm.
 
 
 3
 Appointed counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), raising essentially two arguments. The first is that the district court abused its discretion in denying Rodriguez-Ballardo's motion to sever. Rodriguez-Ballardo was tried jointly with a codefendant, Sergio Ortiz-Martinez. The brief suggests that Rodriguez-Ballardo's defense of mere presence was mutually exclusive with Ortiz-Martinez's defense of entrapment. To prevail on a claim that severance was required because of antagonistic defenses, defendant must show that "the acceptance of the one party's defense will preclude the acquittal of the other party." United States v. Sherlock, 962 F.2d 1349, 1362 (9th Cir.), cert. denied, 113 S.Ct. 419 (1992). Rodriguez-Ballardo made no showing that a finding that Ortiz-Martinez was entrapped precluded a finding that he was merely present.
 
 
 4
 The Anders brief also contains an argument that the evidence was insufficient to link Rodriguez-Ballardo to the conspiracy, and that without the conspiracy charge, the firearm charge also would have failed. The district court therefore erred in denying his motion for acquittal on the conspiracy. We disagree. Although mere presence at a crime scene is not enough to connect an individual to a conspiracy, evidence of even a slight connection to the conspiracy, if proven beyond a reasonable doubt, is sufficient to convict. United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). Here, the evidence demonstrated that Rodriguez-Ballardo arrived at the scene of the drug buy in the car carrying the cocaine. He exited the car and walked around the vehicles, as if performing surveillance. He appeared to be touching his waistband at the small of his back, where a gun was later found. This evidence is sufficient to link Rodriguez-Ballardo to the charged conspiracy.
 
 
 5
 Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988).
 
 
 6
 Accordingly, we affirm.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3